UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA CAVALLO, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-00884 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| HOTEL FINANCE | § | |
| PARTNERS INC, *et al,* | § | |
| Defendants. | § | |

OPINION AND ORDER
DENYING MOTION TO DISMISS

The motion by Defendants Hotel Finance Partners Inc, Daniel Ritz, and Zane Russell to dismiss this action for failure to add an indispensable party and for lack of subject matter jurisdiction is denied. Dkt 52.

The motion by Defendants to dismiss for failure to state a claim is also denied. Dkt 27; see Dkt 53 (holding such motion in abeyance pending determination of jurisdiction).

1. Background

Hotel Finance Partners is a Texas corporation formed in 2014 by Russell and Ritz. Dkt 19 at ¶18. Richard Imperatore later invested for a twenty-five percent share in the corporation, but he has since passed away, with Plaintiff Teresa Cavallo now acting as the executrix of his estate. Id at ¶¶8, 23. And with particular pertinence here, Michael Jud isn't a party to this suit but was also a later investor. Id at ¶22.

Cavallo alleges that, prior to Imperatore's death, the investors in Hotel Finance Partners agreed to sell one of its assets, being the Monarch Mountain Lodge in Colorado. Id at ¶¶14, 26. The hotel went on the market in 2021. Id at ¶27. Cavallo alleges that Hotel Finance Partners received multiple offers, but Defendants "turned down legitimate and willing buyers." Id at ¶2. She also alleges that Defendants didn't provide her information to which she was legally entitled as executrix of Imperatore's estate. See id at ¶¶28–37, 46–59, 87–94. And she alleges that Defendants twice mortgaged the hotel for their personal benefit, which in turn frustrated the sale of the hotel. Id at ¶¶38–46, 60, 63–69.

Cavallo believes Defendants are concealing pertinent information about the property and its sale. She sent two formal demands to inspect the corporation's records. Id at ¶¶95, 98. She contends that she didn't get the information sought. Id at ¶¶101–08.

She then brought this action against Defendants for breach of fiduciary duty, failure to involve interested directors, and failure to allow a shareholder to inspect the records. Id at ¶¶128–37, 141–47. She also seeks declaratory relief. Id at ¶¶138–40.

Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 27. The main contention under Rule 12(b)(1) concerns whether Cavallo violated Rule 23.1 respecting derivative actions. Id at 4–5. In their reply, Defendants also contend that the *S corporation* status of Hotel Finance Partners means that it should be treated as a limited liability company for the purposes of subject-matter jurisdiction, which they assert would destroy diversity. Dkt 35 at 9–13.

The motion was denied as presented with respect to Rule 12(b)(1), but the parties were ordered to provide further briefing as to whether the unnamed fourth shareholder of Hotel Finance Partners—Michael Jud—is an indispensable party. Dkt 53 at 2. It was noted that if he is and must be added to this action, it would destroy

diversity jurisdiction. Ibid. The motion under Rule 12(b)(6) was held in abeyance until jurisdiction was resolved. Ibid.

Defendants then brought the pending motion to dismiss for failure to add an indispensable party and for lack of subject-matter jurisdiction. Dkt 52.

### 2. Legal standard

Chief Judge Lee Rosenthal recently set out the applicable standards that control analysis under Rule 12(b)(7) of the Federal Rules of Civil Procedure in *Sullivan v Feldman*, 2022 WL 17822451, at *7–8 (SD Tex), affirmed in part and reversed on other grounds, 132 F4th 315, 324 (5th Cir 2025). The following largely replicates her statement there.

Rule 12(b)(7) provides for dismissal of an action if a litigant fails to join a party under Rule 19. This allows a defendant to identify a person or entity that isn't named in the suit, assert that the absent person or entity's participation is critical, and ask the court to join that person or entity (if possible) or potentially dismiss the suit (if not). The court on such a motion must accept the allegations of the subject pleading as true. *Davis Companies v Emerald Casino, Inc*, 268 F3d 477, 479 n 2 (7th Cir 2001). The moving defendant has the burden of showing that a party must be joined for just adjudication. For example, see *Ploog v HomeSide Lending, Inc*, 209 F Supp 2d 863, 873 (ND Ill 2002): "The proponent of a Rule 12(b)(7) motion to dismiss has the burden of producing evidence which shows the nature of the absent party's interest and that the protection of that interest will be impaired or impeded by the absence."

Under Rule 19(a), it is first determined whether the absent party is required to be joined. See *HS Resources, Inc v Wingate*, 327 F3d 432, 439 (5th Cir 2003). Rule 19(a)(1) directs the court to consider whether (i) complete relief can be granted among the existing parties, without joining the absent party, or (ii) the absent person or entity claims an

3

interest relating to the action and is so situated that, if the action is resolved in their absence, their ability to protect their own interest will be impaired or impeded or existing parties might be subject to a substantial risk of multiple or inconsistent obligations. In essence, the issue is whether the court may order "meaningful" relief—defined as relief that would achieve the objective of the lawsuit—without adding the absent party. See *Disabled Rights Action Committee v Las Vegas Events, Inc*, 375 F3d 861, 879 (9th Cir 2004).

A plaintiff isn't required to name all tortfeasors in a single action. See *Temple v Synthes Corp, Ltd*, 498 US 5, 7 (1990); *Nottingham v General American Communications Corp*, 811 F2d 873, 880 (5th Cir 1987). The Committee Notes to Rule 19(a) state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Temple*, 498 US at 7, quoting 28 USC App, at 595. As stated by the Seventh Circuit, "If persons subject to rights of indemnity or contribution were always indispensable parties, there would not be a need for the impleader provisions of Rule 14." *Pasco International (London) Ltd v Stenograph Corp*, 637 F2d 496, 503 (7th Cir 1980).

As noted, the second category of required parties under Rule 19(a)(1) concerns parties that claim an "interest relating to the subject of the action." An absent person's interest must be such that joinder is required to protect either the absent person or the existing parties. The absent person is a required party if that person claims an interest relating to the action and, as a practical matter, that interest might be impaired or impeded if the case is resolved in the person's absence. The absent person is also a required party if, in his absence, the existing parties would be subject to a substantial risk of multiple or inconsistent obligations. A motion under Rule 12(b)(7) "will not be granted because of a vague possibility that persons

4

who are not parties may have an interest in the action." Charles Alan Wright & Arthur Miller, 5A *Federal Practice and Procedure* §1359 (West 3d ed 2025 update). The moving party must instead show that an absent party must be joined for just adjudication. See *Ploog*, 209 F Supp 2d at 873.

Under Rule 19(b), if it has been decided that there is an absent, required person, it is next determined whether that person is indispensable to the action and cannot be joined. Rule 19(b) directs the court to consider (i) the extent to which a judgment rendered in the absence of that necessary party might be prejudicial to that person or to the existing parties, (ii) the extent to which the prejudice can be lessened or avoided by shaping the judgment or relief, (iii) whether judgment issued in the necessary person's absence will be adequate, and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. See *HS Resources, Inc*, 327 F3d at 439, citing *Cornhill Insurance PLC v Valsamis, Inc*, 106 F3d 80, 84 (5th Cir 1997). If the absent person is a required party under Rule 19(a) and no reason prevents joinder, the court must join that person under Rule 19(a)(2). But if joinder isn't feasible, the court must under Rule 19(b) dismiss the action or decide whether to proceed without the absent person.

Determinations as to whether a party is required under Rule 19(a) and indispensable under Rule 19(b) aren't mechanical. The court instead "must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Schlumberger Industries Inc v National Surety Corp*, 36 F3d 1274, 1286 (4th Cir 1994). This framework "requires a fact-based analysis that is controlled by 'pragmatic concerns,' with a particular emphasis on the effect on the parties and on the litigation." *PHH Mortgage Corp v Old Republic National Title Insurance Co,* 80 F4th 555, 560 (5th Cir 2023),

5

quoting *Smith v State Farm Fire and Casualty Co*, 633 F2d 401, 405 (5th Cir 1980).

### 3. Analysis

The prior motion by Defendants under Rule 12(b)(1) was premised on Jud being joined to this action, thus destroying diversity jurisdiction. Dkt 27 at 4–5. But even with further briefing, Defendants are unable to sufficiently establish that he's either a necessary or indispensable party.

The central contention under Rule 12(b)(7) is that Jud's "economic interest in the Company will be damaged" if he isn't joined. Dkt 52 at 7. An attached affidavit from Jud attests in equally conclusory terms that he has "a significant economic interest relating to the subject of the case," and that "my absence will impair or impede my ability to protect my interest." Dkt 52-1 at ¶21. The motion also states, as stipulated by Plaintiff, that he's a shareholder and director of the corporation. See Dkt 52 at 4; see also Dkt 42 at 5. At best, the motion expresses that Jud has a general economic interest in this action, without specifying his alleged, otherwise non-protectable interest that would require him to be a party. See *Union Pacific Railroad Company v City of Palestine*, 517 F Supp 3d 609, 620 (ED Tex 2021) (citation omitted).

Such vague assertions are insufficient to meet the burden assumed by Defendants with their motion. See *National Casualty Co v Gonzalez*, 637 Fed Appx 812, 814–15 (5th Cir 2016). For example, despite the verbiage about what Cavallo might have known of Jud—and when, and from what source—nothing connects any of that to an argument of law under any specific aspect of either Rule 19(a) or 19(b). See Dkt 52 at 4–7. Likewise deficient is the simple assertion by Defendants—without specification or proof—that it would be "unnecessarily burdensome" for Jud to intervene in this case "to protect his economic interests." See Dkt 55 at 6; see also *CGI Logistics, LLC v Fast Logistik*, 2023 WL 8313341, at *3 (SD Tex), citing *City of Palestine*, 517 F Supp 3d at 620 (citation omitted): "[T]he

fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action."

Defendants also attempt to resurrect their prior derivative-action argument under Rule 23.1. See Dkt 52 at 6–7; see also Dkt 27 at 4–5. But they again fail to connect such argument to analysis under Rule 19 as to why this makes Jud necessary and indispensable. And notably, the prior motion by Defendants to dismiss for lack of personal jurisdiction was already denied. Dkt 53 at 2.

Defendants are right about one thing. A Rule 12(b)(7) motion can be brought "at the latest, at trial on the merits." Dkt 55 at 4, citing FRCP 12(h)(2)(C) (citations omitted). Indeed, such motion may be decided "after discovery" or even during "trial itself" when the question is "bound up with the merits of the case." Wright & Miller, *Federal Practice* at §1359. And so, while denial under Rule 12(b)(7) is appropriate here, such ruling is without prejudice to timely presentation on a more developed factual record. This would pertain, for instance, to Defendants' argument that Jud is the guarantor of mortgages taken out by Ritz and Russell, and for which he would putatively be left holding the bag if those mortgages are declared void. See Dkt 55 at 3. But like much of the factual representations in both their motion and reply, Defendants put forward no *evidence* of that fact at present. See *Ploog*, 209 F Supp 2d at 873 (citation omitted) (proponent of dismissal under Rule 12(b)(7) bears burden of producing evidence in support). Thus, dismissal on the basis asserted is inappropriate, especially given that Plaintiff's well-pleaded allegations are accepted as true in the absence of evidence to the contrary. See *Sullivan*, 2022 WL 17822451, at *8, citing *Davis Companies*, 268 F3d at 479 n 2.

Defendants again present argument that the tax status of Hotel Finance Partners destroys diversity jurisdiction. See Dkt 52 at 8–10; see also Dkt 53 at 2 (prior denial under Rule 12(b)(1)). To the contrary, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign

7

state where it has its principal place of business." 28 USC §1332(c)(1). And Hotel Finance Partners is a Texas corporation with its principal place of business in Colorado. Dkt 19 at ¶9. Apart from citing a provision of the Texas Tax Code that places "S corporation" in the same sentence as "limited liability company" and "pass-through entity," Defendants don't explain why *S corporation* status itself alters the normal rules of corporate citizenship for the purposes of subject-matter jurisdiction. They cite (without pincite) two cases that purportedly support their contention. See Dkt 52 at 8. But these decisions say nothing in support of their position, while in fact affirming that normal rules of corporation citizenship apply. See *Carden v Arkoma Associates*, 494 US 185, 187–89 (1990); *Harvey v Grey Wolf Drilling Co*, 542 F3d 1077, 1080–81 (5th Cir 2008). The argument is again properly rejected.

With jurisdiction resolved, address of the motion by Defendants under Rule 12(b)(6) is also in order. See Dkt 27.

Three interrelated arguments contend that (i) Cavallo fails to state a claim for breach of fiduciary duty because Defendants complied with the company's bylaws, (ii) Cavallo fails to state a claim for a transaction involving interested directors under Texas Business Organizations Code §21.418 because Defendants satisfied any such requirements by discussing the transactions with the board and having Jud authorize them, and (iii) no actual controversy exists under 28 USC §2201(a) because no statute was violated as to the two previously mentioned transactions. Dkt 27 at 6–9. Such arguments amount, at best, to conclusory statements about their compliance rather than explanation as to why Cavallo's pleading is actually deficient. Quite to the contrary, the complaint gives Defendants "fair notice of what petitioner's claims are and the grounds upon which they rest." *Swierkiewicz v Sorema NA*, 534 US 506, 514 (2002).

Their final argument is that Cavallo's claim under Texas Business Organizations Code §21.218 fails because she didn't comply with the statute's requirements. Dkt 27 at 10. They also assert in their reply that Cavallo didn't

8

state a "proper purpose" for examining the records. Dkt 35 at 5. To the contrary, the complaint explains the proper purpose—to administer the estate of her deceased husband. Dkt 19 at ¶102. She also pleads that she sent demand letters, as required by the statute, and further explained to Defendants the purpose for her record inspection. Id at ¶¶95–108.

The motion under Rule 12(b)(6) will also be denied.

4. Conclusion

The motion by Defendants Hotel Finance Partners, Daniel Lee Ritz, and Zane D. Russell to dismiss this action for failure to add an indispensable party and for lack of subject-matter jurisdiction is DENIED. Dkt 52.

Their motion to dismiss this action for failure to state a claim is also DENIED. Dkt 27.

SO ORDERED.

Signed on August 29, 2025, at Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge